UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL HORBERT,　　　　　　　　　　　No. C 11-3130 SI (pr)

　　　　Plaintiff,　　　　　　　　　　　　**ORDER OF DISMISSAL**

　　v.

B. CURRY; et al.,

　　　　Defendants.
　　　　　　　　　　　　　　/

## INTRODUCTION

Michael Horbert, an inmate at Salinas Valley State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915.

## BACKGROUND

In his complaint, Horbert alleges that he was denied due process during disciplinary proceedings against him. A CDC-115 rule violation report was issued to Calhoun charging him with threatening an inmate on September 18, 2008. Complaint, unnumbered exhibits (Docket # 1, p. 23 of 26). A disciplinary hearing was held on the CDC-115 on October 5, 2008 at which Horbert was found guilty of the offense. The discipline imposed included forfeiture of 60 days of time credits. Complaint, p. 3B. Horbert alleges that he was denied his rights to have a witness at his disciplinary hearing and to have an investigative employee appointed. He also challenges the sufficiency of the evidence, based on his numerous allegations that he did not threaten the inmate. Horbert's prayer for relief requests a declaratory judgment and damages.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The case of *Heck v. Humphrey*, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction or sentence unless that conviction or sentence already has been determined to be wrongful. *See id.* at 486-87. A conviction or sentence may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. *See id.* The *Heck* rule also prevents a person from bringing an action that -- even if it does not directly challenge the conviction or sentence -- would imply that the conviction or sentence is invalid.

*Heck* bars a claim of unconstitutional deprivation of time credits because such a claim necessarily calls into question the lawfulness of the plaintiff's continuing confinement, i.e., it implicates the duration of the plaintiff's sentence. *See Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996); *cf. Ramirez v. Galaza*, 334 F.3d 850, 858-59 (9th Cir. 2003) (where a claim would, if successful, "necessarily accelerate" the prisoner's release on parole, *Heck* applies). *Heck* also bars a claim for using the wrong *Wolff v. McDonnell*, 418 U.S. 539 (1974), procedures in a disciplinary hearing that resulted in the deprivation of time credits if "the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment." *Edwards v. Balisok*, 520 U.S. 641, 645 (1997). The practical importance of this rule is that Horbert cannot

attack the disciplinary decision that affects the duration of his confinement *in* a civil rights action for damages; it must have been successfully attacked *before* the civil rights action for damages is filed. Horbert allegedly was denied a witness who would have testified that he did not commit the offense and allegedly was denied an investigative employee to defend against the charges, as well as being found guilty without sufficient evidence. If he succeeded on his claims for damages, that success would imply the invalidity of the discipline imposed (i.e., loss of time credits). The claims therefore must be dismissed. If Horbert wishes to challenge the decision that resulted in the credit forfeiture, he must do so in a petition for writ of habeas corpus, but not until he has first exhausted his state judicial remedies.

Horbert's request for declaratory relief also cannot be considered in this § 1983 civil rights action. A petition for writ of habeas corpus is the exclusive method by which he may challenge the execution of his sentence in this court. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Plaintiff filed a "motion that plaintiff presented a claim with the Board of Control" in which he states that he presented a claim to the State Board of Control on May 4, 2011, and had not received a response as of June 20, 2011. The motion is DENIED as irrelevant to this action. (Docket # 2.) It simply does not matter to his § 1983 claim whether he presented a claim to the State Board of Control.

## CONCLUSION

For the foregoing reasons, this action is dismissed. This dismissal is without prejudice to Horbert filing a civil action for damages if the disciplinary decision is ever set aside.

The clerk shall close the file.

IT IS SO ORDERED.

Dated: September 19, 2011

SUSAN ILLSTON
United States District Judge